## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANDRE CARSTARPHEN, SR.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 16-00170-KD-N** |
| | ) | |
| **JUDGE ROBERT SMITH and** | ) | |
| **PROSECUTOR MATTHEW** | ) | |
| **SIMPSON,** | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATIONS

This action is before the Court on the Defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction or, alternatively, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Docs. 10, 11). Plaintiff Andre Carstarphen, Sr. (hereinafter, "the Plaintiff"), proceeding *pro se*, has filed no response in opposition to the motions, and the deadline to do so has passed (*see* Doc. 12). However, prior to the Defendants' filing the motions to dismiss, the Plaintiff filed a document entitled "Motion to Release Andre Carstarphen jr. immediately" (Doc. 5), which he has recently supplemented (*see* Docs. 14, 15).

Under S.D. Ala. GenLR 72(b), these motions have been referred to the undersigned Magistrate Judge for entry of a report and recommendation as to the appropriate disposition, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that the Plaintiff's "Motion to Release Andre Carstarphen jr. immediately" (Docs. 5,

14) be **DENIED** and that the Defendants' motions to dismiss (Docs. 10, 11) be **GRANTED** under Federal Rule of Civil Procedure 12(b)(6).

## I.      Legal Standards

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ((citation and quotations omitted)). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted).

In deciding a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," the Court must construe the complaint in the light most favorable to the Plaintiffs, "accepting all well-pleaded facts that are alleged therein to be true." *E.g.*, *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013). "Fed. R. Civ. P. 8(a)(2) requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (quotation omitted). " 'While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do.' " *Id.* at 1289 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)).   A complaint's  " '[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact).' " *Id.* (quoting *Twombly*, 550 U.S. at 555).  "[T]o survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570).  While this "plausibility standard is not akin to a 'probability requirement' at the pleading stage, … the standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the claim."   *Id.* (quoting *Twombly*, 550 U.S. at 556).

Moreover, " 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.' " *Id.* at 1290 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   Under the plausibility standard, " 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show [n]"— "that the pleader is entitled to relief." ' " *Id.* (quoting *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2))).  *Iqbal* "suggested that courts considering motions to dismiss adopt a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' " *Id.* (quoting *Iqbal*, 556

U.S. at 679). "Importantly, … courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 679 (quoting *Twombly,* 550 U.S. at 567)).   "[G]enerally, the existence of an affirmative defense will not support a rule 12(b)(6) motion to dismiss for failure to state a claim. A district court, however, may dismiss a complaint on a rule 12(b)(6) motion when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993) (quotation omitted)).

"Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms, 'facial' and 'factual' attacks.  Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003) (citations omitted) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990) (per curiam)). Because neither of the Defendants presents any extrinsic evidence in support of dismissal under Rule 12(b)(1), their attacks on subject matter jurisdiction are "facial" only.

## II.    Analysis

### a.    *Motion for Release*

Liberally construing the "Motion to Release Andre Carstarphen jr. immediately" (Docs. 5, 14, 15) and the Complaint (Doc. 1), the Plaintiff appears to be asserting claims under 42 U.S.C. § 1983 (for instance, he has requested money damages) and requesting habeas relief for Carstarphen Jr. and others under 28 U.S.C. § 2254 (i.e., he requests immediate release of Carstarphen Jr. and other named individuals), on the basis of alleged prosecutorial and judicial misconduct during Carstarphen Jr.'s criminal proceedings in the Circuit Court of Mobile County, Alabama.

To the extent Carstarphen Sr. asserts claims under § 1983, immediate release of a state prisoner from confinement is not available as a remedy under that provision. *See Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) ("[A] § 1983 action will not lie when a state prisoner challenges 'the fact or duration of his confinement,' and seeks either 'immediate release from prison," or the 'shortening' of his term of confinement." (citations omitted) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 482, 489 (1973))); *D.D. ex rel. Dabney v. Niles*, 615 F. App'x 654 (11th Cir. 2015) (per curiam) (unpublished) ("D.D. and his parents brought this suit under 42 U.S.C. § 1983 challenging his detention by the Georgia Department of Juvenile Justice ('DJJ') … Regardless of how the Appellants frame the claims, both claims—D.D.'s own claim (Count Two) and his parents' claim based on their parental rights (Count One)—are, in their essential nature, challenges to D.D.'s detention. Therefore, the

appropriate method to challenge D.D.'s detention is to seek a writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 490, 93 S. Ct. 1827, 1836, 36 L. Ed. 2d 439 (1973) ('Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.').''), *cert. denied*, 136 S. Ct. 1173 (2016).

To the extent the Plaintiff is asserting habeas and/or § 1983 claims on behalf of Carstarphen Jr. and/or others, he has not shown he is entitled to do so. Nothing in the record indicates that the Plaintiff can represent these other individuals in a representative capacity, *see* Fed. R. Civ. P. 17, and generally a party may only "plead and conduct their own cases personally or by counsel…" 28 U.S.C. § 1654. *See also* S.D. Ala. GenLR 83.2 ("Unless appearing *pro se* or through counsel under General Local Rule 83.3(f) or (g), all parties to proceedings in this Court must appear by an attorney admitted to practice in this Court."). There is no indication that the Plaintiff is a licensed attorney (certainly not one who has been admitted to practice in this Court).

In this Circuit,

[i]t is well settled that with one narrow exception only licensed lawyers may represent others in court…:

"There is no constitutional guarantee that non-attorneys may represent other people in litigation. There is a narrow exception to this conclusion: a jail-house lawyer may help fellow prisoners file initial papers in habeas corpus actions when the state has failed to provide alternative aid to such prisoners in seeking post-conviction relief. *See Johnson v. Avery*, 1969, 393 U.S. 483, 89 S. Ct. 747, 21 L. Ed. 2d 718. This

> exception results from two factors: (1) special concern for the
> right to seek the writ of habeas corpus, one aspect of the
> general rule that individuals deprived of liberty by the state
> have greater rights to state-supplied attorneys and other
> necessary aids than parties in private civil litigation; (2) the
> fact that prisoners are closed off from the rest of society and
> thus unable to seek out what legal help does exist."

*Thomas v. Estelle*, 603 F.2d 488, 489 (5th Cir. 1979) (per curiam) (quoting *Guajardo
v. Luna*, 432 F.2d 1324, 1325 (5th Cir. 1970) (per curiam)) (finding that circuit court
of appeals lacked jurisdiction to consider appeal by *pro se* prisoner plaintiff of
dismissal of his § 1983 action where notice of appeal was only signed by that
plaintiff's unlicensed "jail-house lawyer" and co-plaintiff)).[1]  The Plaintiff does not
fall into this narrow exception.

Accordingly, the undersigned finds that the Plaintiff's "Motion to Release
Andre Carstarphen jr. immediately" (Docs. 5, 14) is due to be **DENIED**.  In light of
the undersigned's finding that the Plaintiff cannot assert claims on behalf of
Carstarphen, Jr. and the other prisoners identified in the Complaint, the
undersigned, in addressing the Defendants' motions to dismiss, will hereinafter
construe the Complaint as only alleging claims brought on the Plaintiff's own
behalf.

### b.    *Motions to Dismiss*

### 1.    *Rooker-Feldman* **Doctrine**

Judge Smith argues that this action is due to be dismissed under the *Rooker-
Feldman* doctrine.   "The *Rooker–Feldman* doctrine is jurisdictional. It prevents

---

[1] "Opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the
Eleventh Circuit."  *E.g., Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 n.6 (11th Cir. 2014)
(citing *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc)).

lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1330 (11th Cir. 2010) (quotations omitted).   However, the *Rooker-Feldman* doctrine is inapplicable here, as it only "bars **the losing party** in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."   *Id.* (quotation omitted).   The Plaintiff (Carstarphen, Sr.) was not the losing party in Carstarphen, Jr.'s criminal proceedings,[2] and Judge Smith has identified no other state judgment upon which to base the doctrine.   Accordingly, dismissal on the basis of the *Rooker-Feldman* doctrine is not warranted.

## 2.    Eleventh Amendment Immunity

Eleventh Amendment immunity bars suits by private individuals in federal court against a state unless the state has consented to be sued or has waived its immunity or Congress has abrogated the states' immunity. *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363–64, 121 S. Ct. 955, 962, 148 L.Ed.2d 866 (2001); *Cross v. Ala. Dep't of Mental Health & Mental Retardation,* 49 F.3d 1490, 1502 (11th Cir. 1995). "This bar exists whether the relief sought is legal or equitable." *Papasan v. Allain,* 478 U.S. 265, 276, 106 S. Ct. 2932, 2939, 92 L.Ed.2d 209 (1986). The Eleventh Amendment applies when "the State or one of its agencies or departments is named as the defendant...." *Id.* (quotation marks omitted).   That is, Eleventh Amendment immunity "is available 'only' to states and arms of the states." *Walker v. Jefferson Cty. Bd. of Educ.,* 771 F.3d 748, 751 (11th Cir. 2014).

Congress has not abrogated Eleventh Amendment immunity in § 1983 cases. *Carr v. City of Florence,* 916 F.2d 1521, 1525 (11th Cir.1990).

---

[2] Moreover, an assertion that federal courts are precluded from considering challenges to state criminal judgments is patently contradicted by statute.  *See* 28 U.S.C. § 2254.

Furthermore, the State of Alabama has not agreed to be sued for violations of an individual's civil rights. *See* Ala. Const. art. I, § 15 ("[T]he State of Alabama shall never be made defendant in any court of law or equity."); *Alabama v. Pugh,* 438 U.S. 781, 782, 98 S. Ct. 3057, 3057–58, 57 L.Ed.2d 1114 (1978) (citing Ala. Const. art. I, § 14, now codified as § 15)…

Whether an entity is an "arm of the state" is determined by considering four factors: (1) how the state law defines the entity; (2) the degree of state control over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity. *Walker,* 771 F.3d at 751–53.[3]

---

[3]      In *Walker*, the Eleventh Circuit Court of Appeals recently made clear that this multifactor test for Eleventh Amendment immunity, which was first articulated as a three-factor test in the panel decision *Stewart v. Baldwin County Board of Education*, 908 F.2d 1499, 1511 (11th Cir. 1990), and later refined into a four-factor test in the *en banc* decision *Manders v. Lee*, 338 F.3d 1304, 1309 (11th Cir. 2003) (en banc), "remains the law of the circuit."  771 F.3d at 752 – 53.

As noted by the *Walker* court, in *Versiglio v. Board of Dental Examiners of Alabama*, 686 F.3d 1290 (11th Cir. 2012), a panel of the Eleventh Circuit held: "Whether an agency qualifies as an arm of the state is a federal question with a federal standard, but whether that standard is met will be determined by carefully reviewing how the agency is defined by state law… In conducting our analysis, this court 'has stated the most important factor is how the entity has been treated by the state courts.' "  686 F.3d at 1291-92 (quoting *Tuveson v. Fla. Governor's Council on Indian Affairs, Inc.*, 734 F.2d 730, 732 (11th Cir. 1984) (citing *Huber, Hunt & Nichols, Inc. v. Architectural Stone Co.*, 625 F.2d 22 (5th Cir. 1980) (stating that whether an entity is a " 'second self' of the state or a 'separate and distinct' entity subject to suit 'must be determined by the law of the state' " (citation omitted)))).  *Accord Ross v. Jefferson Cty. Dep't of Health*, 701 F.3d 655, 659 (11th Cir. 2012) (per curiam) (same, quoting *Versiglio*).

*Walker* rejected arguments that the *Versiglio* decision "can be read as collapsing the entire Eleventh Amendment multi-factor test into a single dispositive inquiry—whether the state courts grant state law immunity to the entity for suits based on state law—" finding that such a reading "conflicts not only with our 1990 decision *Stewart*, but also with our 2003 en banc decision in *Manders*."  771 F.3d at 754 (declining to read *Versiglio* "in a way which violates our prior panel precedent rule and creates interpretive problems for panels in the future").  *Walker* reaffirmed that "how the state courts treat an entity is only one part of the first factor of the *Stewart* and *Manders* analysis. Within the first factor the court also weighs how state statutes treat the particular entity." *Id.* (quotation omitted).  *Walker* also noted that, "[t]o the extent that *Huber* held that Eleventh Amendment immunity is governed solely by how state law characterizes an entity, it has been superseded by the later en banc decision in *Manders*, 338 F.3d at 1309 (setting out four-part Eleventh Amendment immunity test)."  *Id.* n.4.

*Nichols v. Ala. State Bar*, 815 F.3d 726, 731-32 (11th Cir. 2016) (per curiam) (footnote omitted). Moreover, while "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law[, o]fficial-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation and quotation omitted). Thus, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted).

Both Defendants perfunctorily claim entitlement to Eleventh Amendment immunity in their motions but make no substantive effort to explain why the respective agencies for which they are officers (i.e., the 13th Judicial Circuit of Alabama and the Mobile County District Attorney's Office) should be deemed arms of the state of Alabama, whether through application of the four-factor test above or through citation to authority previously finding them as such. Generally, the Court is under no obligation to advance a defense of Eleventh Amendment immunity for a defendant. *See McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1257 (11th Cir. 2001) ("[U]nlike other jurisdictional bars, federal courts are required to consider whether the Eleventh Amendment strips them of jurisdiction only if the state defendant insists that it does.").[4]

---

[4] Moreover, because the Plaintiff paid the statutory filing fee at the inception of this case rather than move to proceed *in forma pauperis* under 28 U.S.C. § 1915, the demands of §

In addition, "[t]he Eleventh Amendment protects no personal assets in 'individual' or 'personal' capacity suits in federal court." *Hobbs v. Roberts*, 999 F.2d 1526, 1528 (11th Cir. 1993). "[P]ersons can have individual liability for misconduct as government employees. Plaintiffs are not usually required to designate, with particular words in the pleadings, that they bring their action against defendants in the defendants' individual or official capacities, or both." *Id.* at 1529-30. Nevertheless, "in general, plaintiffs have a duty to make plain who they are suing and to do so well before trial." *Colvin v. McDougall*, 62 F.3d 1316, 1318 (11th Cir. 1995). "When it is not clear in which capacity the defendants are sued, the course of proceedings typically indicates the nature of the liability sought to be imposed." *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994).

Liberally construing the *pro se* Plaintiff's Complaint, the undersigned concludes that he is asserting claims against the Defendants in both their official and individual capacities. Eleventh Amendment immunity does not apply to individual capacity claims, and the Defendants have not sufficiently shown entitlement to Eleventh Amendment immunity on the official capacity claims against them.

### 3.    Failure to State a Claim under 42 U.S.C. § 1983

As both Defendants correctly point out, the Plaintiff's claims are premised on alleged violations of Carstarphen, Jr.'s federal rights during his state criminal

---

1915(e)(2)(B) (requiring the district court to dismiss an action brought *in forma pauperis* "at any time if the court determines that--the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief") do not apply.

proceedings.  In an attempt to establish "standing in this case,"[5] the Plaintiff alleges that the violations of Carstarphen, Jr.'s federal rights "added unnecessary stress contributing to more health problems [for the Plaintiff,] resulting in prescribed anxiety medication."  (Doc. 1 at 1.  *See also* Doc. 1-3 at 3 ("I Andre Carstarphen, Sr. have standing due to stress and new medication with lies on case.").  However, a claim under § 1983 must be premised on a state actor's violation of the <u>plaintiff's</u> federal rights.  *See, e.g.*, *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996) ("Section 1983 is no source of substantive federal rights … Instead, to state a section 1983 claim, a plaintiff must point to a violation of a specific federal right.").  Distress caused by the violation of <u>another's</u> federal rights (i.e. Carstarphen, Jr.) does not result in the violation of the <u>Plaintiff's</u> federal rights.[6]  Accordingly, the Defendants motions to dismiss under Rule 12(b)(6) are due to be **GRANTED** on the basis that the Plaintiff has failed to plausibly allege a claim under § 1983.

### 4.    Prosecutorial and Judicial Immunity

[5] A plaintiff "must satisfy three requirements to have standing under Article III of the Constitution: (1) 'injury-in-fact'; (2) 'a causal connection between the asserted injury-in-fact and the challenged action of the defendant'; and (3) 'that the injury will be redressed by a favorable decision.' "  *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013) (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (internal quotation marks omitted) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992))).  "[I]n a motion to dismiss, [courts] usually 'evaluate standing based on the facts alleged in the complaint.' "  *Id.* at 1335 (quoting *Shotz*, 256 F.3d at 1081).  Upon consideration, the undersigned concludes that the Plaintiff has alleged sufficient facts establishing Article III standing, such that dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is not warranted.

[6] To the extent the Complaint could be construed as asserting only state law claims based on this distress (e.g., outrage, intentional infliction of emotional distress), the Plaintiff has not shown that this Court has subject matter jurisdiction over such claims.  *See Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) ("In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).").

The Defendants have also moved for dismissal on the basis of absolute judicial and prosecutorial immunity, respectively.

> Traditional common-law immunities for prosecutors apply to civil cases brought under § 1983. *Imbler v. Pachtman,* 424 U.S. 409, 427–28, 96 S. Ct. 984, 993–94, 47 L. Ed. 2d 128 (1976). "[A]t common law, '[t]he general rule was, and is, that a prosecutor is absolutely immune from suit for malicious prosecution.' " *Malley v. Briggs,* 475 U.S. 335, 342, 106 S. Ct. 1092, 1097, 89 L. Ed. 2d 271 (1986) (quoting *Imbler,* 424 U.S. at 437, 96 S. Ct. at 998). In § 1983 actions, prosecutors have absolute immunity for all activities that are " 'intimately associated with the judicial phase of the criminal process.' " *Van de Kamp v. Goldstein,* 555 U.S. 335, 129 S. Ct. 855, 860, 172 L. Ed. 2d 706 (2009) (quoting *Imbler,* 424 U.S. at 430, 96 S. Ct. at 995); *accord Jones v. Cannon,* 174 F.3d 1271, 1281 (11th Cir. 1999).
>
> Absolute immunity does not depend entirely on a defendant's job title, but involves a functional approach granting immunity based on conduct. *Jones,* 174 F.3d at 1282. This functional approach looks to "the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons,* 509 U.S. 259, 269, 113 S. Ct. 2606, 2613, 125 L. Ed. 2d 209 (1993); *accord Imbler,* 424 U.S. at 431 n.33, 96 S. Ct. at 995 n. 33.
>
> Absolute immunity accordingly applies to the prosecutor's actions "in initiating a prosecution and in presenting the State's case." *Imbler,* 424 U.S. at 431, 96 S. Ct. at 995. Prosecutors are immune for appearances in judicial proceedings, including prosecutorial conduct before grand juries, statements made during trial, examination of witnesses, and presentation of evidence in support of a search warrant during a probable cause hearing. *Burns v. Reed,* 500 U.S. 478, 490–92, 111 S. Ct. 1934, 1942, 114 L. Ed. 2d 547 (1991); *Kalina v. Fletcher,* 522 U.S. 118, 126, 118 S. Ct. 502, 507–08, 139 L. Ed. 2d 471 (1997); *see also Van de Kamp,* 129 S. Ct. at 861. "A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Jones,* 174 F.3d at 1281. Such absolute immunity also "extends to a prosecutor's acts undertaken ... in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Id.* (quotation marks omitted); *accord Rowe v. City of Fort Lauderdale,* 279 F.3d 1271, 1279–80 (11th Cir. 2002) (holding prosecutor who proffered perjured testimony and fabricated exhibits at trial is entitled to absolute immunity, but a

prosecutor who participated in the search of a suspect's apartment is entitled to only qualified immunity).

*Rehberg v. Paulk*, 611 F.3d 828, 837-38 (11th Cir. 2010), *aff'd*, 132 S. Ct. 1497 (2012).

> Prosecutors have absolute immunity when "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate ... complaints about the prison system, [and] threatening ... further criminal prosecutions ...." *Henzel v. Gerstein,* 608 F.2d 654, 657 (5th Cir. 1979); *accord Marx v. Gumbinner,* 855 F.2d 783, 789 n.10, 790 (11th Cir. 1988) (concluding that prosecutors have absolute immunity for rendering legal advice to police officers concerning the existence of probable cause to arrest).

*Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (per curiam) (footnote omitted).

Moreover, it is well established that "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the ' "clear absence of all jurisdiction." ' " *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) (quoting *Stump v. Sparkman,* 435 U.S. 349, 356–57 (1978)). *Accord Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (per curiam). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239 (citing *Stump*, 435 U.S. at 356). "The factors which determine whether an act is judicial 'relate to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity.' " *Scott v. Dixon*, 720 F.2d 1542, 1547 (11th Cir. 1983) (quoting *Dennis v. Sparks*, 449 U.S. 24, 28 (1980)).

Here, all of the Plaintiff's claims are based on the Defendants' alleged unlawful actions taken in their respective roles as presiding judge and prosecutor in Carstarphen, Jr.'s state criminal trials. As such, the Defendants are immune from the Plaintiff's claims for money damages. *See Bolin*, 225 F.3d at 1239-43.[7] Accordingly, the Defendants' motions to dismiss are also due to be **GRANTED** on the basis of absolute immunity.[8]

### III.   Conclusion and Recommendations

In accordance with the foregoing analysis, it is **RECOMMENDED** that the Plaintiff's "Motion to Release Andre Carstarphen jr. immediately" (Docs. 5, 14, 15) be **DENIED**, that the Defendants' motions to dismiss (Doc. 10, 11) be **GRANTED** under Federal Rule of Civil Procedure 12(b)(6), that this action be **DISMISSED**

---

[7] The only other forms of relief the Plaintiff requests are the vacateur of state criminal convictions and the immediate release of incarcerated individuals from confinement, which, as has already been explained, are not available in § 1983 actions.

[8] The general rule in this Circuit is that, "[w]hen it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice." *Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) (per curiam) (unpublished) (emphasis added) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (overruling *Bank* as to counseled parties)). However, "[d]ismissal with prejudice is proper … if the *pro se* plaintiff has indicated that he does not wish to amend his complaint or if a more carefully drafted complaint could not state a valid claim." *Id.* The undersigned finds that even a more carefully drafted complaint cannot avoid dismissal for the reasons identified herein. The undersigned also notes that the Plaintiff has made no attempt to oppose the motions to dismiss, instead choosing to focus his efforts on arguing for Carstarphen, Jr.'s immediate release (*see* Docs. 5, 14, 15), relief that is clearly unavailable in these proceedings. Accordingly, the undersigned finds that the Court need not afford the Plaintiff an opportunity to amend prior to dismissal.

**with prejudice**, and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

### IV.    <u>Notice of Right to File Objections</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 19th day of October 2016.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**